U.S. COURT OF APPEALS
RECEIVED
DEC 08 2021
FIFTH CIRCUIT

No. 19-40930

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

V.

KEELON JMAR SENEGAL

Defendant-Appellant,

On Appeal from the United States District Court
For the Southern District of Texas
USDC No. 3:16-CV-1163

## ORIGINAL BRIEF OF APPELLANT

Keelon J. Senegal
Reg. No. 45142-079
FCI-Pollock
P.O. Box 4050
Pollock, LA 71467
PRO SE

## STATEMENT OF ISSUE(S) PRESENTED

Whether the district court erred by determining that Appellant did not demonstrate that the sentencing court "more likely than not" relied on the residual clause in determining that his Texas robbery convictions were predicate offenses under the ACCA, and that any reliance on the residual clause was not harmless error?

## STATEMENT OF THE CASE

Appellant, Keelon Jmar Senegal ("Senegal"), who is currently in the custody of the United States Bureau of Prisons, had previously sought federal habeas corpus relief under 28 U.S.C. § 2255. However, the United States Court of Appeals for the Fifth Circuit authorized the filing of a second § 2255 motion. (Document No. 450).

On April 10, 2006, Senegal, John Franklin, Arthur Lee Winn and Broderick Wade York were charged in a multiple count indictment relating to the robbery of University Federal Credit Union, and of Coastal Community Federal Credit Union, both located in Galveston, Texas. (Document No. 44). Co-defendants John Franklin and Arthur Lee Winn pleaded guilty. (Document Nos. 298, 300). A second superseding indictment was returned on November 20, 2006, charging Senegal and Broderick Wade York. (Document No. 108). Senegal was charged with conspiracy to commit bank robbery with a firearm in violation of 18 U.S.C. § 371 (Count 1SS), bank robbery with a firearm in violation of 18 U.S.C. §§ 2113(a) & (d) (Count 2SS), using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3SS), felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 4SS), conspiracy to tamper with a witness in violation of 18 U.S.C. § 1512(k) (Count 5SS), tampering with a witness in violation of

2

18 U.S.C. § 1512(a)(1)(C) (Count 6SS), using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 7SS), and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count 8SS). Following a six day trial, on July 16, 2007, a jury found Senegal guilty on all counts. (Document No. 178). On April 11, 2008, Senegal was sentenced to a total term of imprisonment of life imprisonment. (Document No. 227, Transcript of Sentencing Hearing, Document No. 332). Judgment was entered on April 30, 2008. (Document No. 284). Senegal appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed the conviction and sentence in an unpublished opinion filed on March 23, 2010. (Document No. 348); United States v. Senegal, 371 Fed.Appx. 494 (5th Cir. 2010). Senegal did not file a petition for writ of certiorari with the United States Supreme Court.

On June 24, 2011, Senegal timely filed a § 2255 motion to vacate, set aside, or correct sentence. (Document No. 382). In that motion, Senegal raised claims of ineffective assistance of counsel, and that his due process rights were violated due to Judge Kent's failure to recuse. On July 7, 2014, the district court issued a Memorandum Opinion and Order denying Senegal's § 2255 motion. (Document No. 420); United States v. Senegal, Cr. No. C-3:06-8-2, Civ. No. C-3:11-292, 2014 WL 3056860 (S.D. Tex. 2014). The

3

Fifth Circuit denied Senegal a certificate of appealability on September 1, 2015. (Document No. 449). Senegal was granted leave to file a second § 2255 motion by the Fifth Circuit Court of Appeals. (Document No. 450). This Court wrote, in pertinent part: Our grant of authorization is tentative, in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Senegal has failed to make the showing required to file such a motion. (Document No. 450).

Senegal, relying on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015) and Welch v. United States, 136 S.Ct. 1257 (2016), filed his second § 2255 motion, in which he challenged the sentencing court's determination that he was an armed career criminal under 18 U.S.C. § 924(e)(1). Senegal argued that his Texas convictions for robbery do not qualify as "violent felonies" under the Armed Career Criminal Act ("ACCA"), and that the 360 months terms of imprisonment imposed on Counts 4SS and 8SS must be set aside because of this. (Document No. 451). The Government moved to dismiss Senegal's second § 2255 motion. The Government contended that Senegal's two prior convictions for robbery did not fall under the residual clause of the ACCA, which the Supreme Court struck down in Johnson as unconstitutionally vague. The Government further argued that Senegal's two robbery convictions qualified as violent felonies under § 924(e)(1)(2)(B)(i)

4

because each had as an element the use, attempted use, or threatened use of physical force against another person.

On August 20, 2019, Magistrate Judge Francis H. Stacy filed his Memorandum and Recommendation suggesting that although the sentencing court "more likely than not" relied on the residual clause, in determining that Senegal's two Texas robbery convictions qualified as ACCA predicates, thereby implicating Johnson, current and binding caselaw, United States v. Burris, 920 F.3d 942, 948-958 (5th Cir. 2019), made clear that Senegal's two 1997 Texas robbery convictions qualified as violent felonies under the ACCA's elements clause, and that, therefore, Senegal could not demonstrate that he was prejudiced. Therefore, the magistrate judge recommended that Senegal's second motion be denied. (Document No. 491). Senegal made timely objections to the magistrate judge's memorandum and recommendations. (Document No. 492).

Upon review of the record, the magistrate's recommendation and Senegal's objections, the district court amended the magistrate judge's recommendation, claiming that Senegal failed to show that the sentencing court "more likely than not" relied on the residual clause when it pronounced its sentence. The district court therefore denied relief. Senegal timely filed his notice of appeal. (Document No. 494). Soon thereafter, the district court ordered that a certificate of appealability would not issue. (Document No. 508). However, because the

5

district court failed to make the required ruling at the time that it denied relief, Senegal petitioned this Court for Certificate of Appealability prior to the district court's denial of certificate of appealability. (Document No. 503).

On October 6, 2021, this Court granted Senegal's motion for COA citing that "Senegal contends that the district court erred by determining that he did not demonstrate that the sentencing court more likely than not relied on the residual clause in determining that his Texas robbery convictions were predicate offenses under the ACCA and that any reliance on the residual clause was not harmless."

6

## ARGUMENT

I. The district court erred by determining that Senegal did not demonstrate that the sentencing court more likely than not relied on the residual clause, in determining that his Texas robbery convictions were predicate offenses under the ACCA and that any reliance on the residual clause was not harmless.

A. Standard of Review

This Court reviews a legal challenge to an ACCA-enhanced sentence, de novo. United States v. Fuller, 453 F.3d 274, 278 (5th Cir. 2006). The defendant bears the burden to prove he is entitled to relief when collaterally attacking the judgment. Coon v. United States, 441 F.2d. 279, 280 (5th Cir. 1971).

B. Senegal showed that it was more likely than not that he was sentenced under the residual clause.

Under 28 U.S.C. §§ 2244(b) and 2255(h), "[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application." United States v. Wiese, 896 F.3d 720, 723 (5th Cir. 2018). "There are two requirements, or 'gates' which a prisoner making a

7

second or successive habeas motion must pass to have it heard on the merits." *Id.* (internal citation omitted). First, the prisoner must make a "prima facie showing" to the circuit court "that the motion relies on a new claim resulting from either (1) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or (2) newly discovered, clear and convincing evidence that but for that error no reasonable fact finder would have found the defendant guilty." *Id.* (quoting 28 U.S.C. §§ 2244(b), 2255(h)). Second, after receiving permission from the circuit court to file a second or successive petition, "the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* (citing 28 U.S.C. § 2244(b)). Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his second or successive petition without reaching the merits. *Id.*

To receive a sentencing enhancement under the ACCA, a defendant must have previously been convicted of at least three "violent felonies" that occurred on different occasions from one another. 18 U.S.C. § 924(e)(1). At the time that Senegal was sentenced for violating 18 U.S.C. § 922(g)(1), the ACCA defined "violent felony" as a "crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" ("the elements

8

clause"); (2) "is burglary, arson, or extortion, [or] involves [the] use of explosives" ("the enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" ("the residual clause"). Id. § 924(e)(2)(B).

In Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court held that the residual clause was unconstitutionally vague, such that an ACCA-enhanced sentence could not be constitutionally imposed in reliance on that clause's definition of a "violent felony." 135 S. Ct. at 2557. In Welch v. United States, the Court held Johnson retroactively applicable to cases on collateral review, thus enabling the basis for Senegal's successive petition. ___ U.S. ___, 136 S. Ct. 1257, 1265, 194 L. Ed. 2d 387 (2016). "[A] prisoner seeking the district court's authorization to file a successive § 2255 petition raising a Johnson claim must show that it was more likely than not that he was sentenced under the residual clause." United States v. Clay, 921 F.3d 550, 559 (5th Cir. 2019).

Pursuant to Senegal's PSR, three felony offenses were identified as enhanceable offenses. Those offenses were two Texas robbery offenses pursuant to § 29.02(a) of the Texas Penal Code, and a Possession with Intent to Deliver Cocaine offense pursuant to § 481.112 of the Texas Penal Code. As relevant here, Senegal challenged his two robbery convictions as non-qualifying predicates after Johnson because he claimed that the district court relied on the residual clause to enhance his sentence at the time of sentencing.

9

Senegal further argued that (1) the two robbery charges were not subject to the enumerated offenses clause of the ACCA; and (2) that they did not qualify as violent felony offenses pursuant to the ACCA because they did not have "as an element the use, attempted use, or threatened use of physical force against the person of another."

Before Senegal was sentenced, the [district court] was presented a copy of the indictment and judgment on plea of guilty. (Document No. 260). The documentation includes the judgment on plea of guilty entered in the District Court of Galveston County, Texas in Cause No. 97CR0598 and in Cause No. 97CR0599 on December 8, 1997. The state court records reveal that Senegal's prior indictments charged Senegal with commission of an aggravated robbery by "using and exhibiting a deadly weapon, to wit: a handgun intentionally and knowingly threaten and place [victim] in fear of imminent bodily injury or death." However, pursuant to a plea bargain, Senegal was convicted of "robbery as reduced from aggravated robbery (P.C. Section 29.02)". (Document No. 260). The judgment reflects that Senegal pleaded guilty to charges proscribed by Texas Penal Code § 29.02 only. The judgments does not reflect which subsection of the statute Senegal was being charged under. The judgments also reflects that Senegal could not have plead guilty to the behavior cited in the indictment as the judgments make clear that Senegal was not credited

10

with having a deadly weapon as cited in the indictments. The judgments show that "[f]indings on use of deadly weapon" is not applicable ("n/a"). (Document No. 260). The transcript of the sentencing hearing is silent as to whether the sentencing court enhanced Senegal under the residual clause or the elements clause.

The dispositive question for jurisdictional purposes here is whether the sentencing court relied on the residual clause in making its sentencing determination - if it did, then Johnson creates a jurisdictional predicate for the district court, and for this Court on appeal, to reach the merits of Senegal's motion. Wiese, id. at 724. This Court has stated that it "must look to the law at the time of sentencing to determine whether a sentence was imposed under the enumerated offense clause or the residual clause." Id. Furthermore, this Court has instructed, "[i]n determining potential reliance on the residual clause by the sentencing court, we may look to (1) the sentencing record for direct evidence of sentence.... and (2) the relevant background legal environment that existed at the time of [the defendants] sentencing and the [presentence report ("PSR")] and other relevant materials before the district court." Id. at 725 (internal quotations omitted).

In the case at bar, as previously stated, the record was silent at the time of sentencing. However, before Johnson, and at the time of Senegal's sentencing, this Court held that "[b]ecause a violation of the Texas robbery statute poses a substantial risk of violent

11

confrontation, there is a substantial risk that physical injury will result. Accordingly, the offense qualifies as a violent felony under the residual clause of § 924(e)..." *United States v. Davis,* 487 F.3d 282, 287 (5th Cir. 2007). Senegal cited *Davis* in his Memorandum of Law in support of his claim that he was sentenced pursuant to the residual clause. Therefore, due to the relevant background legal environment that existed at the time that Senegal was sentenced, the district court more likely than not relied on the residual clause in determining that Senegal's two Texas robbery offenses qualified as ACCA predicates, thereby implicating *Johnson.* Thus, the district court erred.

**C.** The district court's reliance on the residual clause during Senegal's sentencing was not harmless.

Although Senegal has shown that it is "more likely than not" that he was sentenced under the residual clause, and that his second § 2255 motion relied on *Johnson,* that does not end the matter. It remains for this Court to decide whether the district court's reliance on the residual clause was harmless. *See, United States v. Campbell,* No. 17-50383 (5th Cir. 2019). "If the robbery convictions continue to justify the ACCA enhancement because they qualify as violent felonies under a different clause of the ACCA, then relief to [Senegal] must be denied." *Id. at 5.*

12

As stated supra, the residual clause was struck down as unconstitutional, and robbery is not listed as an enumerated offense in § 924(e)(2)(B)(ii). Therefore, the only question is whether Texas robbery pursuant to § 29.02 qualifies under the elements clause, § 924(e)(2)(B)(i). In other words, does § 29.02 "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." Id. To determine whether Senegal's Texas robbery convictions qualify under the elements clause, this Court must apply the "categorical approach." Descamps v. United States, 570 U.S. 254, 257 (2013). That is, if § 29.02 is an indivisible statute. However, if § 29.02 is a divisible statute, then this Court would instead apply what is termed the "modified categorical approach." Id. at 257.

Under the categorical approach, this Court must "focus solely on whether the elements of the crime of conviction include the use of force," paying no attention to the particular facts behind Senegal's convictions. See, United States v. Burris, 920 F.3d 942, 947 (5th Cir. 2019). "[I]f the least culpable conduct covered by the statute requires the use, attempted use, or threatened use of physical force, the statute is a violent felony." Id.

A divisible statute sets forth one or more elements of the offense in the alternative. Descamps, at 257. Notably, a statute is not divisible simply because it identifies different means of committing the same offense. Id at 274. In determining whether a statute is divisible into multiple offenses with

13

distinct elements or instead states differing ways of committing the same offense, a state court decision that "definitively answers the question" is dispositive. Mathis v. United States, 136 S. Ct. 2243, 2256 (2016). As of the time of the filing of Senegal's brief, this Court has never decided whether § 29.02(a) is an indivisible or divisible statute. However, Senegal contends that the case of Cooper v. State, 430 S.W.3d 426 (Tex. Crim. App. 2014) makes clear that, "the 'threat' and 'bodily' injury elements of robbery are simply alternative methods of committing a robbery.... we should accord determinative weight to the legislature's decision to place these different means of committing robbery in the same statutory section and hold that they are alternative methods of committing the offense," Id. at 434-35 and thus is dispositive on the matter. Therefore Texas robbery should be considered an indivisible statute.

Moreover, in the case at bar, Senegal contends that it matters not whether § 29.02(a) is indivisible or divisible, because the conviction documents that were used at his sentencing do not specify whether he was convicted of robbery-by-injury (§ 29.02 (a)(1)) or robbery-by-threat (§ 29.02(a)(2)). Senegal's indictment states that he threatened and put [victim] in fear by exhibiting a handgun, but he is charged with aggravated robbery (pursuant to § 29.03). Senegal's judgment of conviction of guilt only references that he was pleading guilty to § 29.02;

14

without regard to which subsection of the statute applied. And, furthermore, the judgment of conviction found that "Findings on a Deadly Weapon" are "n/a" (not applicable). Therefore, this Court cannot look to the indictment to narrow the subsection of conviction because it indicts Senegal for a crime (§ 29.03) other than the one which he pleaded guilty (§ 29.02). See, United States v. Reyes-Contreras, 910 F.3d at 184-85 (2019) (noting the "general rule that we cannot use an indictment to narrow the statute of conviction if the indictment is for a crime different from the crime stated in the judgment of conviction"). Because of these facts, Senegal contends that this Court should view his convictions as being prosecuted under § 29.02(a)(1), and find that his convictions are non-qualifying predicates because, under current law, the least culpable conduct covered by robbery-by-injury does not have as an element the use, attempted use, or threatened use of physical force against the person of another because it can be committed with a mens rea of recklessness. See, Borden v. United States, 141 S. Ct. 1817 (2021). Borden held that offenses criminalizing reckless force do not satisfy ACCA's elements clause.

However, as an alternative argument, if this Court somehow determines that § 29.02(a) is divisible, and that Senegal was convicted pursuant to § 29.02(a)(2),¹ Senegal argues that § 29.02

---

1. Senegal in no way conceeds or agrees that he was convicted under § 29.02(a)(2).

15

(a)(2) cannot be squared as a crime that has as an element the... threatened use of physical force against the person of another because, the alternative method of "plac[ing] another in fear" for which a defendant can be convicted as defined under state law (1) encompasses behavior/acts (i.e., a menacing glance, hand gesture or intimidating posture) that does not equate to the federal definition of physical force pursuant to Stokeling v. United States, 139 S. Ct. 544 (2019) which "encompasses robbery offenses that require the criminal to overcome the victims resistance," Id. at 550 or is a "physical contest between the criminal and the victim that is itself "capable of causing physical pain or injury." Id. See, Wilmeth v. State, 808 S.W.2d 703, 706 (Tex. App. - Tyler 1991, no pet.) (jury may find requisite fear from menacing glance and a hand gesture, even where no verbal threats were made); (2) "Under the 'place in fear' language in section 29.02 of the Texas Penal Code, the factfinder may conclude that an individual perceived fear or was 'placed in fear,' in circumstances where no actual threats were conveyed by the accused." Williams v. State, 827 S.W.2d 614 (Tex. App. 1992) (quoting Wilmeth v. State, id.); see also, Welch v. State, 880 S.W.2d 225 (Tex. App. 1994); and (3) under the robbery by placing in fear method "the mental state of 'knowingly' does not refer to the defendants knowledge of the actual results of his actions, but knowledge of what results his actions are reasonably certain to cause. Using this definition, robbery by placing-in fear does not require that a defendant know that he actually

16

places someone in fear, or know whom he actually places in fear." Howard v. State, 333 S.W.3d 137, 140 (Tex. Crim. App. 2011); See also, Cooper v. State, 430 S.W.3d 426, 434 (Tex. Crim. App. 2014) ("Likewise, a robber could threaten one individual in a store while knowing that others present will have heard the threat. The robber may not have threatened these other individuals, but if he knew the others would be placed in fear, then he has (à la Hawkins) committed a robbery against them. In other words, a defendant can be convicted under the placing in fear method without aiming the physical force "against the person of another," as the elements clause requires. See, Borden v. United States, 141 S. Ct. 1817 (2021).

Lastly, Senegal argues that the minimum conduct that is criminalized by § 29.02(a)(2) is satisfied by the slightest offensive touching or less, without a physical contact capable of causing physical pain or injury, which the Supreme Court declared inadequate to constitute a violent felony under the ACCA in the case of (Curtis) Johnson v. United States, 559 U.S. 133, 138 (2010). For example, in Cranford v. State, 377 S.W.2d 957 (Tex. Crim. App. 1964), a prosecution under the former penal code (but still cited as relevant law today), the defendant walked up to the cashier at a grocery store and handed her a note reading, "Give me your money." The cashier asked the defendant, "Are you kidding?" The defendant said he was not and pulled back his coat, which the cashier interpreted as reaching for a gun. In fact, there was no evidence that the defendant was armed. The cashier

17

testified that she gave money to the defendant because she was in fear of her life. The Court of Criminal Appeals held that the defendant's conduct was sufficient to justify this fear and affirmed the conviction.

Cranford demonstrates that it is not necessary that the alleged robber display a weapon or make an express threat in order to support a finding that the victim was threatened or placed in fear. See also, Davis v. State, 796 S.W.2d 813, 816 (Tex. App.-Dallas 1990) (victim need not see a weapon for jury to conclude that assailant communicated a threat); Ector v. State, 634 S.W.2d 68, 71 (Tex. App.-Forth Worth, 1982) (verbal threat not required).

In Williams v. State, 827 S.W.2d 614 (Tex. App.-Houston [1st Dist.] 1992, pet. ref'd), a prosecution under section 29.02(a)(2), the defendant, who appeared to be intoxicated, approached the manager of a convenience store as he was counting the money in his register and said, "We are going to do it like this; give me all the money, put the money in the towel; and I'm serious." The defendant was leaning toward the manager as he said this, with his face close to the other man's. The manager reached behind him in an effort to grab a metal pipe and asked the defendant if he were sure about what he was saying. The defendant repeated his demand, then seized the cash and ran. The manager testified that he was afraid the defendant would cause him bodily injury and had reached for the pipe to defend himself. Although the defendant did not display a weapon or make an express threat, the court found the evidence sufficient to sustain a finding that the defendant's

18

words and action placed the manager in fear of imminent harm. See also, Welch v. State, 880 S.W. 2d 225, 227 (Tex. App. - Austin 2014) ("Although there was no evidence appellant was armed and appellant did not expressly threaten [the victim], a rational trier of fact could conclude beyond a reasonable doubt that appellant's demand for money and his generally aggressive manner were sufficient to place a reasonable person in [the victim's] circumstances in fear of imminent death or bodily injury.").

In each of these cases, the State of Texas applied § 29.02(a)(2) to "robberies" that required less physical force than the slightest offensive touching, where the accused did not engage in a physical contest capable of causing physical pain or injury, and where no expressed threat was made. Intimidating or aggressive mannerism without explicit threats are not equivalent to the "threatened use of physical force against the person of another."

19

CONCLUSION

The district court erred when it found that Senegal did not demonstrate that the sentencing court "more likely than not" relied on the residual clause. Because Texas robbery pursuant to § 29.02(a) is an indivisible statute, and because the least culpable conduct covered by the statute does not require the use, attempted use, or threatened use of physical force, it was not harmless error when the district court relied on the residual clause at sentencing to enhance Senegal's sentence.

Because sentencing is an holistic endeavor, and Senegal's sentence is the result of a sentencing package, the district court's denial of Senegal's § 2255 motion should be reversed, and this case should be remanded back to the district court for a plenary resentencing without application of the ACCA-enhancement.

Respectfully submitted,

Date: 12-05-21

Keelon J. Senegal
Reg. No. 45142-079
FCI-Pollock
P.O. Box 4050
Pollock, LA 71467

20

<u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32 because it does not exceed 30 pages (not counting any statement regarding oral argument, and the certificates of service and compliance).

Date: 12-05-21

Keelon J. Senegal

21

## CERTIFICATE OF SERVICE

I, Keelon J. Senegal, hereby certify under penalty of perjury that I submitted a copy of this "Original Brief of Appellant" to the internal mailing system at FCI-Pollock on the undersigned date with the proper amount of first-class postage affixed thereto in compliance with the "mailbox rule" to the following addresses:

United States Court of Appeals
Fifth Circuit
Office of the Clerk
600 S. Maestri Place
New Orleans, LA 70130-3408


U.S. Department of Justice
United States Attorneys Office
Southern District of Texas
Attn: Ms. Carmen Castillo Mitchell
1000 Louisiana, Suite 2300
Houston, TX 77002


Date: 12-05-21                          Keelon J. Senegal

22



Keelon J. Senegal
Reg. No. 45142-079
FCI-Pollock
P.O. Box 4050
Pollock, LA 71467

Legal Mail

United States Court of Appeals
Fifth Circuit
Office of the Clerk
600 S. Maestri Place
New Orleans, LA 70130-3408

PRIORITY MAIL
★ ★ ★
TRACKED INSURED

UNITED STATES POSTAL SERVICE.

Retail

US POSTAGE PAID
$0.00
Origin: 71467
12/06/21
2171761467-08

PRIORITY MAIL 2-DAY®

1 Lb 0.10 Oz

1006

C027

EXPECTED DELIVERY DAY: 12/09/21

SHIP
TO:
600 S MAESTRI PL
NEW ORLEANS LA 70130-3414

USPS TRACKING® #