No. 19-40930

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KEELON JMAR SENEGAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

_____

BRIEF FOR APPELLANT

_____

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF INTERESTED PERSONS

United States v. Keelon Jmar Senegal,
No. 19-40930

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. United States District Judge Jeffrey V. Brown.

2. Senior United States District Judge Andrew S. Hanen.

3. United States District Judge (ret.) Hayden Head.

4. United States Magistrate Judge (ret.) Frances H. Stacy.

5. Former United States District Judge Samuel B. Kent.

6. Keelon Jmar Senegal, Defendant-Appellant.

7. United States of America, Plaintiff-Appellee.

8. Counsel and former counsel for Plaintiff-Appellee: U.S. Attorney Nicholas J. Ganjei; former U.S. Attorneys Donald J. DeGabrielle, Jr., Tim Johnson, Jose Angel Moreno, Abe Martinez, Ryan K. Patrick, and Jennifer B. Lowery; Assistant U.S. Attorneys James T. Kitchen, James L. Turner, Jimmy Eric Pardue, Mark Michael Dowd, Michael Anthony Hylden, Ralph E. Imperato, Richard D. Hanes, Andrew C. Sand, and Carmen Castillo Mitchell.

9. Counsel and former counsel for Defendant-Appellant: Federal Public Defender Philip G. Gallagher; Assistant Federal Public Defender Kathryn Shephard; Brett A. Podolsky, Esq.; and David B. Adler, Esq.

s/ Kathryn Shephard
KATHRYN SHEPHARD

i

## STATEMENT REGARDING ORAL ARGUMENT

The defendant-appellant, Keelon Jmar Senegal, does not request oral argument. Although the full history of the case is complicated, the thorniest legal questions have already been answered, and the Court has familiarity with the case from previous briefing and its earlier opinion. Counsel therefore believes that oral argument would not significantly aid the Court's decisional process.

**TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS.................................................................................. iii

TABLE OF CITATIONS ..................................................................................v

STATEMENT OF JURISDICTION...................................................................1

STATEMENT OF THE ISSUE..........................................................................2

STATEMENT OF THE CASE ..........................................................................3

      A.      The Armed Career Criminal Act...........................................................3

      B.      Original proceedings and first § 2255 motion. ....................................4

      C.      Second § 2255 motion.......................................................................10

SUMMARY OF THE ARGUMENT .................................................................15

ARGUMENT ..................................................................................................16

**ISSUE RESTATED**: Mr. Senegal's ACCA-enhanced sentences are unconstitutional. The Court should vacate the district court's judgment and remand for resentencing under the sentencing package doctrine. .........16

      A.      Standard of review. ...........................................................................16

      B.      Procedural requirements for a second § 2255 motion. .......................16

      C.      The government waived its procedural default argument by raising it for the first time on appeal. ................................................. 19

      D.      Without the residual clause, Mr. Senegal's Texas robbery convictions do not qualify as ACCA predicates ................................20

**TABLE OF CONTENTS – (cont'd)**

**Page**

E.    Under the sentencing package doctrine, the Court should remand for resentencing on all counts............................................................ 27

CONCLUSION ............................................................................................32

CERTIFICATE OF SERVICE .............................................................33

CERTIFICATE OF COMPLIANCE ......................................................34

## TABLE OF CITATIONS

**Page**

### CASES

*Ballard v. Burton*, 444 F.3d 391
(5th Cir. 2006) ................................................................................ 20

*Borden v. United States*, 593 U.S. 420 (2021) ...................................... 3, 11, 25-27

*Dean v. United States*, 581 U.S. 62 (2017) ............................................. 29

*Descamps v. United States*, 570 U.S. 254 (2013) ............................................ 21-22

*Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017) ...................................... 21, 27

*Fisher v. Texas*, 169 F.3d 295
(5th Cir. 1999) ................................................................................ 20

*Floyd v. State*, 714 S.W.3d 9
(Tex. Crim. App. 2024) ............................................................ 13, 20, 26

*Greenlaw v. United States*, 554 U.S. 237 (2008) ................................................ 29

*Johnson v. United States*, 559 U.S. 133 (2010) ...................................... 21

*Johnson v. United States*, 576 U.S. 591 (2015) ............................................ *passim*

*Kaziu v. United States*, 108 F.4th 86
(2nd Cir. 2024) ................................................................................ 30

*Magouirk v. Phillips*, 144 F.3d 348
(5th Cir. 1998) ................................................................................ 20

*Mathis v. United States*, 579 U.S. 500 (2016) ...................................... 22-23, 26-27

*Moncrieffe v. Holder*, 569 U.S. 184 (2013) ........................................... 21

*Pepper v. United States*, 562 U.S. 476 (2011) ................................................ 29-30

v

## TABLE OF CITATIONS – (cont'd)

**Page**

### CASES – (cont'd)

*Randall v. Collins*, 5 F.3d 1494, 1993 WL 391353
(5th Cir. 1993) ............................................................................ 20

*Schad v. Arizona*, 501 U.S. 624 (1991) (plurality opinion) ................................. 22

*Smith v. Johnson*, 203 F.3d 828
(5th Cir. 1999) (unpublished) ....................................................... 19-20

*Taylor v. United States*, 495 U.S. 575 (1990) ........................................ 21

*Trest v. Cain*, 522 U.S. 87 (1997) ...................................................... 20

*United States v. Bass*, 104 Fed. Appx. 997
(5th Cir. 2004) (unpublished) ........................................................ 28

*United States v. Burris*, 856 Fed. Appx. 547
(5th Cir. 2021) (unpublished) ................................................... 11, 25

*United States v. Burris*, 920 F.3d 942
(5th Cir. 2019) ...................................................................... 11

*United States v. Campbell*, 106 F.3d 64
(5th Cir. 1997) ...................................................................... 28

*United States v. Clark*, 49 F.4th 889
(5th Cir. 2022) ...................................................................... 16

*United States v. Clay*, 921 F.3d 550
(5th Cir. 2019), *as revised* (Apr. 25, 2019) ............................... 12, 16, 18

*United States v. Davis*, 487 F.3d 282
(5th Cir. 2007) ............................................................ 12, 17-18, 24

*United States v. Ekwuruke*, 372 Fed. Appx. 521
(5th Cir. 2010) (unpublished) ........................................................ 28

**TABLE OF CITATIONS – (cont'd)**

**Page**

**CASES – (cont'd)**

*United States v. Faubion*, 19 F.3d 226
(5th Cir. 1994) ........................................................................................ 16

*United States v. Garrett*, 24 F.4th 485
(5th Cir. 2022) ........................................................ 12-13, 20, 25-26

*United States v. Gomez Gomez*, 23 F.4th 575
(5th Cir. 2022) ........................................................................................ 25

*United States v. Gore*, 636 F.3d 728
(5th Cir. 2011) ........................................................................................ 24

*United States v. Griffin*, 946 F.3d 759
(5th Cir. 2020) ........................................................................................ 12

*United States v. Johnson*, 880 F.3d 226
(5th Cir. 2018) ........................................................................................ 21

*United States v. Joiner*, 829 Fed. Appx. 53
(5th Cir. 2020) (unpublished),
*cert. granted, judgment vacated on other grounds*,
142 S. Ct. 57 (2021) ................................................................................ 18

*United States v. Jones*, 935 F.3d 266
(5th Cir. 2019) ........................................................................................ 28

*United States v. McRae*, 702 F.3d 806
(5th Cir. 2012) ........................................................................................ 28

*United States v. McRae*, 795 F.3d 471
(5th Cir. 2015) ........................................................................................ 27

**TABLE OF CITATIONS – (cont'd)**

**Page**

**CASES – (cont'd)**

*United States v. Montgomery*, 974 F.3d 587
(5th Cir. 2020), *cert. denied*,
141 S. Ct. 2823 (2021) ............................................................................... 12

*United States v. Montiel-Cortes*, 849 F.3d 221
(5th Cir. 2017) ........................................................................................... 22

*United States v. Moore*, 71 F.4th 392
(5th Cir. 2023) ........................................................................................... 21

*United States v. Prentice*, 956 F.3d 295
(5th Cir. 2020) ........................................................................................... 16

*United States v. Rodriguez-Flores*, 25 F.4th 385
(5th Cir. 2022) ........................................................................................... 22

*United States v. Rose*, 127 F.4th 619
(5th Cir. 2025) .............................................................. 3, 13, 20, 26, 29

*United States v. Santiesteban-Hernandez*, 469 F.3d 376
(5th Cir. 2006) ........................................................................................... 18

*United States v. Senegal*, 371 Fed. Appx. 494
(5th Cir. 2010) (unpublished) .................................................................... 10

*United States v. Senegal*, No. 19-40930, 2022 WL 4594608
(5th Cir. Sept. 30, 2022) (unpublished) ................................................ 12, 18-20

*United States v. Senegal*, Cr. No. C-3:06-008-2, 2014 WL 3056860
(S.D. Tex. July 7, 2014) ............................................................................. 10

*United States v. Taylor*, 873 F.3d 476
(5th Cir. 2017) ........................................................................................... 16

## TABLE OF CITATIONS – (cont'd)

**Page**

### CASES – (cont'd)

*United States v. Wiese*, 896 F.3d 720
  (5th Cir. 2018), *as revised* (Aug. 14, 2018) ................................................ 16-18

*United States v. Ybarra*, No. 20-10520, 2021 WL 3276471
  (5th Cir. July 30, 2021) (unpublished) ................................................ 26

*Welch v. United States*, 578 U.S. 120 (2016) ........................................ 17

### STATUTES AND RULES

18 U.S.C. § 2 ................................................................ 4-5

18 U.S.C. § 371 ................................................................ 4, 8

18 U.S.C. § 922(g)(1) ................................................................ 3-5

18 U.S.C. § 924(a)(2) ................................................................ 3-5

18 U.S.C. § 924(c)(1)(A) ................................................................ 4-5

18 U.S.C. § 924(c)(1)(A)(ii) ................................................................ 8

18 U.S.C. § 924(c)(1)(C)(i) ................................................................ 8

18 U.S.C. § 924(e) ................................................................ 3-5, 17-18

18 U.S.C. § 924(e)(1) ................................................................ 3, 8

18 U.S.C. § 924(e)(2)(B) ................................................................ 4

18 U.S.C. § 924(e)(2)(B)(ii) ................................................................ 25

18 U.S.C. § 1512(a)(1)(C) ................................................................ 4

## TABLE OF CITATIONS – (cont'd)

**Page**

### STATUTES AND RULES – (cont'd)

18 U.S.C. § 1512(a)(3)(B)(i) ...................................................................... 8

18 U.S.C. § 1512(k) ................................................................................... 4

18 U.S.C. § 2113(a) .................................................................................. 4

18 U.S.C. § 2113(d) ............................................................................... 4, 8

18 U.S.C. § 3231 ........................................................................................ 1

18 U.S.C. § 3553 ...................................................................................... 28

18 U.S.C. § 3553(a) ............................................................................. 29-30

18 U.S.C. § 3559 ...................................................................................... 29

18 U.S.C. § 3559(c) .................................................................................. 29

18 U.S.C. § 3661 ...................................................................................... 30

28 U.S.C. § 1291 ........................................................................................ 1

28 U.S.C. § 2244(b)(2) ............................................................................. 17

28 U.S.C. § 2244(b)(4) ............................................................................. 17

28 U.S.C. § 2253 ........................................................................................ 1

28 U.S.C. § 2255 ................................................................................. passim

28 U.S.C. § 2255(d) ................................................................................... 1

28 U.S.C. § 2255(h) ............................................................................. 1, 16-17

28 U.S.C. § 2255(h)(2) ......................................................................... 1, 17

## TABLE OF CITATIONS – (cont'd)

**Page**

## STATUTES AND RULES – (cont'd)

28 U.S.C. § 1331 ........................................................................................ 1

Fed. R. App. P. 4(a)(1)(B)(i) .................................................................... 1

5th Cir. R. 47.5.4 ...................................................................................... 20

5th Cir. R. 28.2.1 ....................................................................................... i

Tex. Penal Code § 29.02(a) ................................................................. 23-24

Tex. Penal Code § 29.02(a)(1) ............................................................... 24

Tex. Penal Code § 29.02(a)(2) ............................................................... 24

Tex. Penal Code § 29.02(a)(3) ............................................................... 24

Tex. Penal Code § 29.03(a) .................................................................... 24

## SENTENCING GUIDELINES

USSG § 2A2.1(a)(1) .................................................................................. 5

USSG § 2A2.1(b)(1)(A) ............................................................................ 5

USSG § 4A1.1(c) ...................................................................................... 8

USSG § 4A1.1(d) ...................................................................................... 8

USSG § 4A1.1(e) ...................................................................................... 8

USSG § 4B1.1 ........................................................................................ 5-6

USSG § 4B1.1(b) ...................................................................................... 8

**TABLE OF CITATIONS – (cont'd)**

**Page**

**SENTENCING GUIDELINES – (cont'd)**

USSG § 5G1.2 ...................................................................................... 28

**MISCELLANEOUS**

Order dismissing case, MDFL No. 5:15-cv-00357,
  ECF No. 16 (May 19, 2016) ............................................................. 10

Petition, MDFL No. 5:15-cv-00357,
  ECF No. 1 (dated July 9, 2015; docketed July 16, 2015) ................... 10

**STATEMENT OF JURISDICTION**

The district court had original jurisdiction over this case pursuant to 18 U.S.C. § 3231 as well as 28 U.S.C. §§ 1331 and 2255.

Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1291, 2253, and 2255(d), (h)(2). On June 23, 2016, this Court granted prefiling authorization as required by 28 U.S.C. § 2255(h). ROA.1396-1398. On October 1, 2019, the district court entered its order denying Mr. Senegal's § 2255 motion. ROA.1838-1840. Mr. Senegal timely filed notice of appeal. *See* ROA.1841-1842; Fed. R. App. P. 4(a)(1)(B)(i). On October 6, 2021, this Court granted a certificate of appealability. 5th Cir. No. 19-40930, ECF No. 69. On September 30, 2022, the Court issued its opinion affirming the district court's order. ROA.3911-3912. The Court issued its mandate on November 18, 2022. ROA.3909-3910. On August 7, 2025, the Court granted Mr. Senegal's motion to recall the mandate. ROA.3921-3922.

1

## STATEMENT OF THE ISSUE

Mr. Senegal's ACCA-enhanced sentences are unconstitutional. Should the Court vacate the district court's judgment and remand for resentencing under the sentencing package doctrine?

**STATEMENT OF THE CASE**

Although the full history of this case is complicated, the thorniest legal questions have been decided in other cases and lead to the inescapable conclusion that Mr. Senegal's sentences enhanced under the Armed Career Criminal Act ("ACCA") are unconstitutional. *See Johnson v. United States*, 576 U.S. 591, 606 (2015) (invalidating ACCA's residual clause); *Borden v. United States*, 593 U.S. 420, 423 (2021) (holding that an offense committed recklessly cannot count as a predicate under ACCA's elements clause); *United States v. Rose*, 127 F.4th 619, 620 (5th Cir. 2025) (holding that Texas robbery-by-injury and robbery-by-threat are indivisible means of committing a single offense).

## A.    The Armed Career Criminal Act

For offenses committed before June 25, 2022, the Armed Career Criminal Act, 18 U.S.C. § 924(e), increases the punishment for a felon in possession offense under 18 U.S.C. § 922(g)(1) from a maximum of 10 years' imprisonment to a minimum of 15 years' imprisonment and a maximum of life. *Compare* § 924(a)(2) (prior version), *with* § 924(e)(1). The ACCA enhancement applies when a person has "three previous convictions" "committed on occasions different from one another" that each qualify as either a "violent felony" or "serious drug offense." § 924(e)(1). In relevant part, a "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use,

attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (italics added). The italicized text is the residual clause. Clause (i) is referred to as the elements clause or force clause, and the remaining text of Clause (ii) is referred to as the enumerated offenses clause. On June 26, 2015, the Supreme Court issued its landmark decision in *Johnson v. United States*, 576 U.S. 591 (2015), invalidating § 924(e)'s residual clause as unconstitutionally vague.

## B.   Original proceedings and first § 2255 motion.

On July 16, 2007, a jury found Mr. Senegal guilty of eight offenses committed in August 2005, September 2005, and June 2006, and charged in a second superseding indictment (ROA.307-316): (1) conspiracy to commit bank robbery with a firearm, in violation of 18 U.S.C. § 371; (2) bank robbery with a firearm, aiding and abetting, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2; (3) using, carrying, and brandishing a firearm during and in relationship to a crime of violence, aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 18 U.S.C. § 2; (4) felon in possession of a firearm, aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e), and 18 U.S.C. § 2; (5) conspiracy to tamper with a witness, in violation of 18 U.S.C. § 1512(k); (6) tampering with a witness, aiding and abetting, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C.

4

§ 2; (7) using, carrying, brandishing, and discharging a firearm during and in relationship to a crime of violence, aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2; and (8) felon in possession of a firearm, aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e), and 18 U.S.C. § 2. ROA.878-879.

On April 3, 2008, the final presentence report ("PSR") was filed. ROA.3412-3440. Using the 2007 edition of the Guidelines Manual, the PSR explained that the counts of conviction grouped except that Counts 3SS and 7SS, violations of 18 U.S.C. § 924(c)(1)(A), were "excluded from the operation of the grouping rules, as well as the guideline adjustments, . . . as [the] statute mandates a consecutive sentence." ROA.3424-3425 (PSR ¶¶ 55, 57). The PSR determined that Count 6SS, tampering with a witness, produced the highest offense level of the grouped counts and therefore used that count to calculate the total offense level as 37. ROA.3424-3425 (PSR ¶¶ 56-65). The base offense level was 33 under USSG § 2A2.1(a)(1), and four levels were added under USSG § 2A2.1(b)(1)(A) because "the victim sustained permanent or life-threatening bodily injury." ROA.3425 (PSR ¶¶ 58-59).

Regarding the Chapter Four "career offender" enhancement, the PSR stated that Mr. Senegal qualified as a career offender within the meaning of USSG § 4B1.1 based on his prior convictions for "robbery (crime of violence), charged in cause number 97CR0599, out of the 212th Judicial District Court, in Galveston County,

5

Texas; and a possession with intent to deliver cocaine conviction (controlled substance), charged in cause number 00CR2270, out of the 212th Judicial District Court, in Galveston County, Texas." ROA.3425 (PSR ¶ 66). The offense level under USSG § 4B1.1 was also 37. ROA.3425 (PSR ¶ 66).

For criminal history, the PSR calculated a criminal history category of VI based on the following adult criminal convictions (ROA.3426-3431):

| PSR ¶ | Date of Sentence | Offense/Sentence | Sentence | Pts. |
|---|---|---|---|---|
| 69 | 06/06/1996 | Theft by check | 6 months in jail, suspended for 6 months' probation | 0 |
| 70 | 08/22/1996 | Possession of a controlled substance, to-wit: cocaine | 4 years' deferred adjudication; probation adjudicated 12/08/1997, 365 days in jail with credit for 264 days served | 2 |
| 71 | 07/26/1996 | Possession of marijuana | 1 year of deferred adjudication; probation adjudicated 06/26/2000, 4 days in jail | 1 |
| 72 | 06/06/1996 | Unlawfully carrying a weapon | 6 months in jail, suspended for 6 months' probation | 1 |
| 73 | 06/06/1996 | Tampering with an identification number | 6 months in jail, suspended for 6 months' probation | 0 |
| 74 | 12/16/1997 | Driving while license suspended | 180 days in jail with credit for 280 jail days served | 2 |
| 75 | 12/08/1997 | Robbery (cause number 97CR0599) | 2 years in prison | 3 |
| 76 | 12/08/1997 | Robbery (cause number 97CR0598) | 2 years in prison | 1 |

6

| PSR ¶ | Date of Sentence | Offense/Sentence | Sentence | Pts. |
|---|---|---|---|---|
| 77 | 12/16/1997 | Evading arrest | 180 days in jail with credit for 280 days served | 2 |
| 78 | 12/16/1997 | Deadly conduct | 200 days in jail with credit for 280 days served | 0 |
| 79 | 12/16/1997 | Unlawful carrying a weapon | 180 days in jail with credit for 255 jail days served | 0 |
| 80 | 06/07/2001 | Burglary of a vehicle | 30 days in jail with credit for 8 months of jail time served | 1 |
| 81 | 05/06/2005 | Unauthorized use of a motor vehicle | 1 year in jail, credited time served from August 9, 2001 to May 6, 2005 | 2 |
| 82 | 06/07/2001 | Possession of marijuana | 30 days in jail with credit for 8 months of jail time served | 1 |
| 83 | 01/12/2001 | Possession of a controlled substance, to-wit: cocaine with enhancement | 13 years in prison with credit for 107 days jail time served | 3 |
| 84 | 06/07/2001 | Possession of a controlled substance, to-wit: cocaine with enhancement | 13 years in prison with credit for 287 days jail time served | 3 |
| 85 | 06/07/2001 | Possession of a controlled substance, to-wit: cocaine with intent to deliver (cause number 00CR2270) | 7 years in prison with credit for 245 days jail time served | 3 |
| 86 | 06/07/2001 | Possession of marijuana | 30 days in jail with credit for 240 days jail time served | 0 |
| 87 | 06/07/2001 | Possession of marijuana | 30 days in jail with credit for 8 months of jail time served | 0 |
| 88 | 06/07/2001 | Terroristic threat | 30 days in jail with credit for 8 months of jail time served | 0 |

The PSR added two points under USSG § 4A1.1(d), since Mr. Senegal was on parole when he committed the instant offense, and one point under USSG § 4A1.1(e), since Mr. Senegal committed the instant offense less than two years after his release from custody on a prior offense. ROA.3431 (PSR ¶¶ 90-91). The PSR noted that the resulting total criminal history points was 28, but that only four points could be scored under USSG § 4A1.1(c), and so the total was reduced to 27. ROA.3431 (PSR ¶ 92). A total of 27 points established a criminal history category of VI, and the criminal history category was also VI under USSG § 4B1.1(b). ROA.3431 (PSR ¶ 93).

The PSR noted the following statutory parameters for each count of conviction: "The maximum term of imprisonment for Count 1SS is 5 years, pursuant to 18 U.S.C. § 371. The maximum term of imprisonment for Count 2SS is 25 years, pursuant to 18 U.S.C. § 2113(d). Count 3SS requires a mandatory consecutive term of not less than 7 years, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). The minimum term of imprisonment for Count 4SS and 8SS is not less than 15 years, pursuant to 18 U.S.C. § 924(e)(1). The maximum term of imprisonment for Count[s] 5SS and 6SS is 20 years, pursuant to 18 U.S.C. § 1512(a)(3)(B)(i). Count 7SS requires a mandatory consecutive term of not less than 25 years, pursuant to 18 U.S.C. § 924(c)(1)(C)(i)." ROA.3436-3437 (PSR ¶ 132). The PSR calculated the Guidelines imprisonment range (for the grouped counts) as 360 months to life, based

8

on the total offense level of 37 and the criminal history category of VI. ROA.3437 (PSR ¶ 133).

An attachment to the final PSR consisted of the indictment and judgment for the robbery charged as cause number 97CR0599, and the indictment and judgment for the possession of a controlled substance, to-wit: cocaine with intent to deliver charged as cause number 00CR2270. ROA.3446-3457. The attachment to the PSR did not include the indictment or the judgment for the robbery charged as cause number 97CR0598.

On April 11, 2008, the district court sentenced Mr. Senegal to life imprisonment, consisting of 60 months' imprisonment on Count 1SS, 300 months on Count 2SS, 360 months on Counts 4SS and 8SS, 240 months on Counts 5SS and 6SS, all to run concurrently with each other, followed by life on Count 3SS, to run consecutively to Counts 1SS, 2SS, 4SS, 5SS, 6SS, and 8SS, followed by life on Count 7SS, to run consecutively to all other counts. ROA.878, 880. The court further imposed a five-year term of supervised release, consisting of three years on Counts 1SS, 5SS, and 6SS and five years on Counts 2SS, 3SS, 4SS, 7SS, and 8SS, all to run concurrently. ROA.881. The court imposed the $100 special assessment per count and $9,988 in restitution. ROA.883.

Mr. Senegal timely appealed to this Court, and the Court affirmed the district court's judgment. *See United States v. Senegal*, 371 Fed. Appx. 494 (5th Cir. 2010) (unpublished).

In July 2014, the district court denied Mr. Senegal's *pro se* motion under 28 U.S.C. § 2255. *United States v. Senegal*, Cr. No. C-3:06-008-2, 2014 WL 3056860 (S.D. Tex. July 7, 2014); ROA.1255-1282. In September 2015, this Court denied Mr. Senegal's motion for a certificate of appealability. ROA.1393-1395.

## C.   Second § 2255 motion.

Thirteen days after the Supreme Court issued its landmark decision in *Johnson*, Mr. Senegal placed in the prison mail system his *pro se* petition raising a *Johnson* claim. *See* Petition, U.S. District Court for the Middle District of Florida ("MDFL") No. 5:15-cv-00357, ECF No. 1 (dated July 9, 2015; docketed July 16, 2015). His petition argued that he should be resentenced because his two prior Texas robbery convictions used to apply the ACCA enhancement were no longer valid without the residual clause. Petition, ECF No. 1 at 7. Mr. Senegal mistakenly filed his petition in the jurisdiction of incarceration rather than the jurisdiction of sentencing. *See* Order dismissing case, MDFL No. 5:15-cv-00357, ECF No. 16 (May 19, 2016). In May 2016, Mr. Senegal filed with this Court a *pro se* application for leave to file a second or successive 28 U.S.C. § 2255 motion. *See* ROA.1399-1405

(dated May 11, 2016; docketed May 13, 2016). On June 23, 2016, this Court granted his motion. ROA.1396-1398.

District court litigation ensued for more than three years, with two stays, one on the government's motion and the other ordered *sua sponte* by the magistrate judge. *See* ROA.3614-3617 (docket sheet). On August 20, 2019, the magistrate judge issued a memorandum recommending that Mr. Senegal's § 2255 motion be denied. ROA.1797-1804. The magistrate judge determined that it was more likely than not that the sentencing court relied on the residual clause, but the court found that Mr. Senegal could not show prejudice because his prior Texas robbery convictions qualified as "violent felony" ACCA predicates under this Court's decision in *United States v. Burris*, 920 F.3d 942 (5th Cir. 2019).[1] On October 1, 2019, over Mr. Senegal's objection, the district court entered its order denying his § 2255 motion and adopting the magistrate judge's recommendation and memorandum as its own, except for the "more likely than not" determination. ROA.1838-1840. Mr. Senegal timely filed notice of appeal. *See* ROA.1841-1842.

On October 6, 2021, the Court granted Mr. Senegal's motion for a certificate of appealability on whether "the district court erred by determining that he did not

---

[1] In June 2021, the Supreme Court granted Burris's petition for a writ of certiorari, vacated the judgment, and remanded for further consideration in light of *Borden v. United States*, 593 U.S. 420 (2021), and this Court held in August 2021 that a conviction for Texas robbery-by-injury does not qualify as an ACCA predicate since it can be committed by recklessly causing injury. *See United States v. Burris*, 856 Fed. Appx. 547, 547 (5th Cir. 2021) (unpublished).

demonstrate that the sentencing court more likely than not relied on the residual clause in determining that his Texas robbery convictions were predicate offenses under the ACCA and that any reliance on the residual clause was not harmless." 5th Cir. No. 19-40930, ECF No. 69.

On September 30, 2022, the Court issued its opinion affirming the district court's denial of Mr. Senegal's motion. *United States v. Senegal*, No. 19-40930, 2022 WL 4594608, at *1 (5th Cir. Sept. 30, 2022) (unpublished). The Court's opinion provided as follows:

> Keelon Jmar Senegal, federal prisoner # 45142-079, appeals the denial of his 28 U.S.C. § 2255 motion in which he challenged his Armed Career Criminal Act (ACCA) sentence in light of *Johnson v. United States*, 576 U.S. 591 (2015). He argues that he has demonstrated that it is more likely than not that the district court relied on the residual clause at sentencing and that the reliance on the residual clause was not harmless. We do not address the Government's argument, raised for the first time here, that Senegal procedurally defaulted his *Johnson* claim.

> In light of the legal landscape at the time of Senegal's sentencing, *see, e.g.*, *United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007), Senegal has met his burden of showing that it is more likely than not that the sentencing court relied on the residual clause at sentencing. *See United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019). However, as we recently held, a Texas robbery-by-threat conviction satisfies the ACCA's elements clause. *See United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022). Thus, any reliance on the residual clause at sentencing was harmless. *See United States v. Griffin*, 946 F.3d 759, 761-62 (5th Cir. 2020). Senegal's argument that *Garrett* was wrongly decided is unavailing. *See United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2823 (2021).

12

*Id.* The Court denied Mr. Senegal's petition for rehearing on November 10, 2022, and the mandate issued on November 18, 2022. 5th Cir. No. 19-40930, ECF Nos. 118-119; ROA.3909-3910.

On February 4, 2025, this Court issued its opinion in *United States v. Rose*, 127 F.4th 619 (5th Cir. 2025), recognizing that *Garrett* had wrongly decided "that robbery by threat and aggravated robbery by threat convictions under Texas criminal law qualify as ACCA predicate offenses." *Id.* at 620. "[T]he Texas Court of Criminal Appeals—the highest criminal court in Texas—issued its decision in *Floyd v. Texas*, [714 S.W.3d 9 (Tex. Crim. App. 2024)], which unequivocally abrogated *Garrett*." *Rose*, 127 F.4th at 620. Because of that "significant intervening change in law," the Court in *Rose* vacated the district court's judgment denying Rose's § 2255 motion and remanded for further proceedings. *Id.*

About one month after *Rose*, Mr. Senegal mailed to this Court a *pro se* motion to recall the mandate. 5th Cir. No. 19-40930, ECF No. 120 (dated Mar. 6, 2025; received Mar. 13, 2025). On March 31, 2025, the Court appointed counsel, abated Mr. Senegal's *pro se* motion, and ordered counsel to refile a motion to recall the mandate or seek other relief by May 30, 2025. 5th Cir. No. 19-40930, ECF No. 128. In accordance with that order, counsel for Mr. Senegal filed a motion to recall the mandate. 5th Cir. No. 19-40930, ECF No. 140. The government filed a response in opposition, and counsel for Mr. Senegal filed a reply. 5th Cir. 19-40930, ECF No.

157, 172. On August 7, 2025, the Court entered an order granting Mr. Senegal's motion to recall the mandate, stating that the panel will rehear this case, and directing the clerk to set a briefing schedule. ROA.3921.

Mr. Senegal now files this brief to argue that the Court should vacate the district court's judgment denying his § 2255 motion and remand for resentencing.

## SUMMARY OF THE ARGUMENT

The Court should vacate the district court's judgment denying Mr. Senegal's § 2255 motion and remand for resentencing. Mr. Senegal has satisfied the two strict procedural requirements for filing a second § 2255 motion. Without the unconstitutionally vague residual clause, Mr. Senegal's Texas robbery convictions do not qualify as ACCA predicates. Under the sentencing package doctrine, the Court should remand for resentencing on all counts.

## ARGUMENT

**ISSUE RESTATED**: Mr. Senegal's ACCA-enhanced sentences are unconstitutional. The Court should vacate the district court's judgment and remand for resentencing under the sentencing package doctrine.

### A.    Standard of review.

"When considering challenges to a district court's decisions under 28 U.S.C. § 2255, this [C]ourt reviews questions of law *de novo*." *United States v. Taylor*, 873 F.3d 476, 479 (5th Cir. 2017) (citing *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994)). Whether a prior conviction qualifies as an ACCA predicate is a question of law reviewed *de novo*. *United States v. Clark*, 49 F.4th 889, 891 (5th Cir. 2022) (citing *United States v. Prentice*, 956 F.3d 295, 298 (5th Cir. 2020)).

### B.    Procedural requirements for a second § 2255 motion.

A prisoner filing a second § 2255 motion "must meet [two] strict procedural requirements." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018), *as revised* (Aug. 14, 2018) (citing § 2255(h)). "First, the prisoner must make a prima facie showing to the circuit court that the motion relies on a new claim resulting from either (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty." *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019), *as revised* (Apr. 25, 2019) (internal quotation marks omitted)

16

(quoting *Wiese*, 896 F.3d at 723). Mr. Senegal satisfied this first requirement when the Court granted prefiling authorization as required by § 2255(h). ROA.1396-1398. The Court's order granted that authorization after explaining that Mr. Senegal's motion to file a successive 28 U.S.C. § 2255 motion relied "on *Johnson v. United States*, [576 U.S. 591] (2015), which invalidated the residual clause of § 924(e) as unconstitutionally vague and established a new rule of constitutional law made retroactive to cases on collateral review. *See* § 2255(h)(2); *see Welch v. United States*, [578 U.S. 120] (2016)." ROA.1396.

"Second, the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Wiese*, 896 F.3d at 723 (citing 28 U.S.C. § 2244(b)(2), (4)). "The dispositive question . . . here is whether the sentencing court relied on the residual clause in making its sentencing determination." *Id.* at 724. To answer that question, the Court "must look to the law at the time of sentencing to determine whether a sentence was imposed under the enumerated offenses clause or the residual clause." *Id.* (citations omitted).

In Mr. Senegal's case, this Court already held in its September 2022 opinion that, "in light of the legal landscape at the time of Senegal's sentencing, *see, e.g.*, *United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007), Senegal has met his burden of showing that it is more likely than not that the sentencing court relied on the

17

residual clause at sentencing. *See United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019)." *Senegal*, 2022 WL 4594608, at *1. Since the Court made that determination based on the legal landscape at the time of Mr. Senegal's sentencing in 2008, there is no apparent reason for the Court to revisit that holding. Out of an abundance of caution, however, Mr. Senegal will briefly explain why the Court's previous holding was correct.

Mr. Senegal was sentenced on April 11, 2008. ROA.878. The year before, in May 2007, this Court held in *Davis* that, "[b]ecause a violation of the Texas robbery statute poses a substantial risk of violent confrontation, there is a substantial risk that physical injury will result. Accordingly, the offense qualifies as a violent felony under the residual clause of § 924(e), and the district court did not err, let alone plainly err, in enhancing Davis's sentence under the ACCA." *Davis*, 487 F.3d at 287. Moreover, the year before *Davis*, this Court held in October 2006 in *United States v. Santiesteban-Hernandez*, 469 F.3d 376 (5th Cir. 2006), that Texas robbery did not satisfy the elements clause. *See id.* at 379. Given "the law at the time of sentencing," it is more likely than not that "the sentencing court relied on the residual clause" to impose the ACCA-enhanced sentences. *Wiese*, 896 F.3d at 724; *see also United States v. Joiner*, 829 Fed. Appx. 53, 55 (5th Cir. 2020) (unpublished), *cert. granted, judgment vacated on other grounds*, 142 S. Ct. 57 (2021) ("Having reviewed the state of the law at the time of Joiner's sentencing in 2012, we agree with the parties

18

that it is more likely than not that the sentencing court relied on the residual clause in determining that Joiner's simple robbery convictions qualified as violent felonies under the ACCA based on the existing legal landscape of that time.").

**C.     The government waived its procedural default argument by raising it for the first time on appeal.**

In addition to already deciding that the district court more likely than not relied on the residual clause, this Court already determined in its September 2022 opinion that it would not consider the government's argument that Mr. Senegal "procedurally defaulted his *Johnson* claim" because the government "raised [it] for the first time here," that is, on appeal. *Senegal*, 2022 WL 4594608, at *1. Again, there is no apparent reason to revisit that determination. But again, out of an abundance of caution, Mr. Senegal will briefly explain why that conclusion was correct.

The government never raised procedural default in the district court. *See* ROA.1619-1634 (ECF No. 476); ROA.1667-1684 (ECF No. 480); ROA.1711-1731 (ECF No. 485); ROA.1732-1735 (ECF No. 486); ROA.1782-1785 (ECF No. 489).[2] The government therefore waived that argument by failing to raise it in the district court, and this Court should not consider that argument. *See, e.g.*, *Smith v. Johnson*,

---

[2] These are all of the government's district court filings that the magistrate judge and district court listed as having considered, although both orders misidentify one of the government's filings as ECF No. 481 instead of ECF No. 480. *See* ROA.1797, 1838.

203 F.3d 828 n.1 (5th Cir. 1999) (unpublished) (refusing to consider procedural default that was first raised in the government's brief in opposition to the defendant's appeal); *Fisher v. Texas*, 169 F.3d 295, 301 (5th Cir. 1999) (the government "waives a procedural bar defense by failing to raise the defense in the district court"); *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) ("[p]rocedural default is normally a defense that the [government] is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter") (quoting *Trest v. Cain*, 522 U.S. 87, 89 (1997)); *Randall v. Collins*, 5 F.3d 1494, 1993 WL 391353, at *2 n.1 (5th Cir. 1993)[3] (the government waived a claim of procedural default that it raised for the first time on appeal).

## D.     Without the residual clause, Mr. Senegal's Texas robbery convictions do not qualify as ACCA predicates.

Although the Court's September 2022 opinion held favorably to Mr. Senegal that the district court relied on the residual clause, the Court went on to hold that "reliance on the residual clause at sentencing was harmless" because "a Texas robbery-by-threat conviction satisfies the ACCA's elements clause. *See United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022)." *Senegal*, 2022 WL 4594608, at *1. In light of *Rose* and *Floyd*, however, reliance on the residual clause was not harmless because Mr. Senegal's robbery convictions do not qualify as ACCA

---

[3] Although designated as unpublished, unpublished opinions issued before January 1, 1996, are precedent. *See* 5th Cir. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

predicates under the elements clause. This section will begin with a brief discussion of the categorical approach and a reproduction of the relevant Texas statutes, before describing the law on ACCA and Texas robbery.

### 1. *Categorical approach*

To determine whether an offense qualifies as an ACCA predicate, courts apply the categorical approach, looking at the elements of the statute of conviction and not the specific facts of the offense. *See United States v. Johnson*, 880 F.3d 226, 234 (5th Cir. 2018); *see also Taylor v. United States*, 495 U.S. 575, 602 (1990) (setting forth the categorical approach). The categorical approach analysis requires courts to "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *United States v. Moore*, 71 F.4th 392, 394-95 (5th Cir. 2023) (italics in original) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)). Courts must "presume that the state conviction 'rested upon . . . the least of th[e] acts' criminalized by the statute, and then . . . determine whether that conduct would fall within the federal definition of the crime." *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 389 (2017) (citing *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013); *Johnson v. United States*, 559 U.S. 133, 137 (2010)). If the state statute "cover[s] a greater swath of conduct than the elements of the relevant ACCA offense," then the prior conviction "cannot

qualify as an ACCA predicate, . . . even if [the defendant's] conduct fits within the generic offense." *Mathis v. United States*, 579 U.S. 500, 509 (2016).

In certain circumstances, courts are permitted to employ the modified categorical approach, which entails looking "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *United States v. Rodriguez-Flores*, 25 F.4th 385, 388 (5th Cir. 2022) (quoting *Mathis*, 579 U.S. at 505-06). However, the modified categorical approach has "no role to play" when the alternatives in the prior conviction statute are indivisible means, rather than divisible elements. *United States v. Montiel-Cortes*, 849 F.3d 221, 225 (5th Cir. 2017) (quoting *Descamps*, 570 U.S. at 264). When a statute "sets out alternative *means*" of committing an offense, "rather than alternative *elements*," courts do not apply the modified categorical approach and cannot "examin[e] the state court documents to determine how, precisely, [the defendant] violated [the state statute]." *Id.* (italics in original). Instead, courts must determine whether the statute, "as an indivisible whole, categorically qualifies" as a predicate offense. *Id.*

As the Supreme Court explained in *Mathis*, sometimes an "alternatively phrased law" does not list "multiple elements disjunctively, but instead . . . enumerates various factual means of committing a single element." 579 U.S. at 506 (citing generally *Schad v. Arizona*, 501 U.S. 624, 636 (1991) (plurality opinion), for

the proposition that "[l]egislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes"). For example, a statute might require "use of a 'deadly weapon' as an element of a crime and further provide[] that the use of a 'knife, gun, bat, or similar weapon' would all qualify." *Id.* (citations omitted). "Because that kind of list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors concluded that the defendant used a knife while others concluded he used a gun, so long as all agreed that the defendant used a 'deadly weapon.'" *Id.* (citations, internal quotation marks, and brackets omitted). The "elements or means" inquiry "is easy" when "a state court decision definitively answers the question" of whether a jury must agree as to the statute's alternatives. *Id.* at 517-18.

### 2. *Texas statutes*

The Texas robbery and aggravated robbery statutes have been in effect since September 1, 1994. Texas defines simple robbery in Tex. Penal Code § 29.02(a):

> (a)    A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
> > (1)    intentionally, knowingly, or recklessly causes bodily injury to another; or

> (2)    intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The type of robbery in § 29.02(a)(1) is referred to as robbery-by-injury, and the type in § 29.02(a)(2) as robbery-by-threat.

Texas defines "aggravated robbery" in Tex. Penal Code § 29.03(a) as simple robbery plus an aggravating factor:

> (a)    A person commits an offense if he commits robbery as defined in Section 29.02, and he:
>
> > (1)    causes serious bodily injury to another;
> >
> > (2)    uses or exhibits a deadly weapon; or
> >
> > (3)    causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:
> >
> > > (A) 65 years of age or older; or
> > >
> > > (B) a disabled person.

### 3. ACCA and Texas robbery.

In 2007, this Court held in *Davis* that a Texas robbery conviction qualified as an ACCA predicate under the residual clause. *Davis*, 487 F.3d at 287; *see also United States v. Gore*, 636 F.3d 728, 744 (5th Cir. 2011) (Higginbotham, J., specially concurring) ("We have previously concluded that, as defined by Texas law, both robbery and aggravated robbery are violent felonies under the Residual Clause.")

24

(footnotes with citations omitted). But then in 2015, the Supreme Court held in *Johnson* that "imposing an increased sentence under the residual clause of [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 576 U.S. at 606. Since ACCA's enumerated offense clause does not include robbery, *see* § 924(e)(2)(B)(ii), that leaves ACCA's elements clause.

In *Borden v. United States*, 593 U.S. 420 (2021), the Supreme Court held that a criminal offense cannot count as predicate under ACCA's elements clause "if it requires only a *mes rea* of recklessness—a less culpable mental state than purpose or knowledge." *Id.* at 423; *see also, e.g.*, *United States v. Gomez Gomez*, 23 F.4th 575, 577 & n.1 (5th Cir. 2022) (recognizing that "[t]he Supreme Court held in *Borden* that an offense requiring the 'use of physical force against the person of another' does not include offenses with a *mens rea* of recklessness").

Under *Borden*, Texas robbery-by-injury does not qualify as an ACCA predicate because it can be committed recklessly. *See, e.g.*, *Garrett*, 24 F.4th at 488-89 (explaining that, "[i]f the [Texas robbery] statute is indivisible and thus only states one crime, Garrett's conviction does not qualify under *Borden* as an ACCA violent felony because robbery can be committed recklessly"); *United States v. Burris*, 856 Fed. Appx. 547, 547 (5th Cir. 2021) (unpublished) (holding that "[*Borden*] now makes it clear that [Texas] simple robbery[-by-injury] is not a violent felony for purposes of applying the ACCA's mandatory fifteen-year enhancement

25

because it could be committed simply by recklessly causing another to suffer injury during a theft"); *United States v. Ybarra*, No. 20-10520, 2021 WL 3276471, *1 (5th Cir. July 30, 2021) (unpublished) (holding that a Texas robbery-by-injury conviction "does not satisfy ACCA's elements clause after *Borden*" because it "criminalizes the reckless use of force" and does not "satisfy ACCA's enumerated-offense clause," which "defin[es] 'violent felony' to include 'burglary' but not robbery").

Furthermore, Texas robbery-by-injury and robbery-by-threat are indivisible means of committing a single offense. In *Garrett*, this Court had held that robbery-by-injury and robbery-by-threat were divisible. 24 F.4th at 491. But in *Rose*, the Court recognized that "the Texas Court of Criminal Appeals—the highest criminal court in Texas—issued its decision in *Floyd v. Texas*, [714 S.W.3d 9 (Tex. Crim. App. 2024)], which unequivocally abrogated *Garrett*." *Rose*, 127 F.4th at 620. In *Floyd*, the defendant argued that the jury should have been instructed that it had to be unanimous as to whether the robbery was committed by threat or injury. 714 S.W.3d at 11. The Texas Court of Criminal Appeals disagreed, holding that a jury does not "have to unanimously agree on whether the person committed injury-robbery or threat-robbery." *Id.* at 10. Rather, the Court held that robbery-by-threat and robbery-by-injury "were simply alternative methods of committing the same robbery offense." *Id.* at 15. Because robbery-by-injury and robbery-by-threat are means of committing a single offense, they are indivisible. *See, e.g.*, *Mathis*, 579

26

U.S. at 517-18 (explaining that divisibility's "elements or means" inquiry "is easy" when "a state court decision definitively answers the question" of whether a jury must agree as to the statute's alternatives).

Since robbery-by-injury and robbery-by-threat are indivisible, this Court must look to the least culpable of the acts criminalized under those statutory provisions and then "determine whether that conduct would fall within the federal definition of the crime." *Esquivel-Quintana*, 581 U.S. at 389. The least culpable conduct is committing the offense recklessly, which cannot serve as an ACCA predicate. *See, e.g.*, *Borden*, 593 U.S. at 423. Accordingly, without the residual clause, neither of Mr. Senegal's prior Texas robbery convictions qualify as an ACCA predicate.

**E.    Under the sentencing package doctrine, the Court should remand for resentencing on all counts.**

Although Mr. Senegal received the erroneous ACCA-enhanced sentences on Counts 4SS and 8SS, the Court should remand for resentencing on all counts in accordance with the sentence package doctrine. Under that doctrine, this Court's "practice when one, but not all counts, within a multipart conviction has been vacated has generally been to remand to allow the district court to resentence in the first instance." *United States v. McRae*, 795 F.3d 471, 483 (5th Cir. 2015). The fact-intensive nature of sentencing and respect for district courts inspire this practice:

> "Sentencing is a fact-sensitive exercise that requires district court judges to consider a wide array of factors when putting together a

27

'sentencing package.'" When an appellate court vacates one of several related convictions, remand is proper so that the district court can "reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal." . . . The district court may find that a different total sentence would achieve the goals set forth in 18 U.S.C. § 3553 under these new circumstances, or it may not. But the district court should have the opportunity to make this determination in the first instance.

*Id.* at 483-84 (ellipsis in original) (quoting *United States v. Ekwuruke*, 372 Fed. Appx. 521, 525 (5th Cir. 2010) (unpublished); *United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997)); *see also, e.g.*, *United States v. Jones*, 935 F.3d 266, 269 n.1, 274 (5th Cir. 2019) (remanding for further proceedings after vacating certain counts of conviction even though the defendants had been sentenced to life imprisonment on other counts); *United States v. McRae*, 702 F.3d 806, 843 (5th Cir. 2012) (after vacating one conviction and affirming others, the Court vacated all the sentences and remanded for further proceedings "because we are unsure of how the district court confected the various sentences as part of the whole"); *United States v. Bass*, 104 Fed. Appx. 997, 1000 n.14 (5th Cir. 2004) (unpublished) (remanding for resentencing under the sentencing package doctrine and describing USSG § 5G1.2 as "directing the court to sentence multiple counts of conviction as a single interdependent package, and to use consecutive as well as concurrent sentencing to construct a combined sentence equal to the total punishment").

28

As the Supreme Court has explained, "[b]ecause a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence so that, on remand, the trial court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 507 (2011) (cleaned up); *see also Dean v. United States*, 581 U.S. 62, 68-69 (2017) (describing the government's "own practice in 'sentencing package cases'" as arguing that, because "the district court may have relied on a now-vacated conviction when imposing sentences for the other counts," the appellate court "should vacate the entire sentence") (quoting *Greenlaw v. United States*, 554 U.S. 237, 253 (2008)).

Three additional reasons counsel in favor of remanding for resentencing on all counts. First, in *Rose*, the Court remanded for further proceedings even though the defendant was sentenced to a mandatory consecutive life sentence under 18 U.S.C. § 3559(c), and the Court had previously denied his motion for a certificate of appealability on the § 3559 claim and motion to reconsider that denial. *See United States v. Rose*, 5th Cir. No. 22-10571, ECF Nos. 46, 86. Mr. Senegal's case presents a stronger argument in favor of remand because his consecutive life sentences were discretionary. *See* ROA.3436-3437 (PSR ¶ 132) (listing the statutory parameters for each count of conviction).

Second, the original sentencing judge has retired and so Mr. Senegal would be sentenced by a different judge. The Second Circuit has recognized the need for resentencing in this situation because the new judge lacks the original judge's "privileged access to the rationale behind the original sentence, a deep familiarity of the facts, and an in-person observation of the defendant's allocution," "does not know the contours of [the original judge's] decision-making," and "cannot be certain that simply lopping off the sentence of a vacated count sufficiently remedies a sentencing package that did, in some undetermined, opaque capacity, factor in a now vacated conviction." *Kaziu v. United States*, 108 F.4th 86, 92 (2nd Cir. 2024).

Third, the Supreme Court has held that, at a resentencing after a sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." *Pepper*, 562 U.S. at 490. The Court based that holding on the fact that "Congress could not have been clearer in directing that '[n]o limitation . . . be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate sentence." *Id.* at 490-91 (quoting 18 U.S.C. § 3661). "In addition, evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper*, 562 U.S. at 491. For all

of these reasons, the Court should vacate the district court's denial of Mr. Senegal's

§ 2255 motion and remand for resentencing on all counts.

## CONCLUSION

For the reasons stated, Mr. Senegal's ACCA-enhanced sentences are unconstitutional, and the Court should vacate the district court's judgment and remand for resentencing under the sentencing package doctrine.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

s/ Kathryn Shephard
KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF SERVICE

All parties required to be served with copies of this document have been so served by filing via the Fifth Circuit ECF filing system.

s/ Kathryn Shephard
KATHRYN SHEPHARD

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,795 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 (current version) software in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.      This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because the brief has been redacted of any personal data identifiers.

4.      This brief complies with the electronic submission of 5th Cir. R. 25.2.1 because this brief is an exact copy of the paper document.

5.      This brief is free of viruses because the brief has been scanned for viruses with the most recent version of a commercial virus scanning program.

s/ Kathryn Shephard
KATHRYN SHEPHARD

34